UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

D-1 Kyle Lindemann,

    Defendant.

Criminal No. 19-cr-20126

Hon. Terrence G. Berg

## STIPULATED PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, Matthew Schneider, United States Attorney for the Eastern District of Michigan, and Adriana Dydell, Assistant United States Attorney, together with Defendant Kyle Lindemann ("Defendant"), individually and by and through his attorney, Timothy A. Dinan, submit this Stipulated Preliminary Order of Forfeiture to the Court and stipulate and agree to the following:

1.    The United States of America (the "United States") filed a Felony Information on or around March 6, 2019, which charged Defendant with Count One, Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1). (ECF No. 1).

2. On or about March 29, 2019, Defendant pleaded guilty to Count One of the Information.

3. In his Rule 11 Plea Agreement ("Rule 11"), Defendant agreed to forfeit, pursuant to 21 U.S.C. § 853, any proceeds derived from his violation of Count One of the Information and to forfeit any property used, or intended to be used, to commit, or to facilitate, that offense. Specifically, Defendant agreed to forfeit any and all right, title, and interest he may possess in the assets listed below, and agreed that these assets are subject to forfeiture under 21 U.S.C. § 853 as criminal proceeds and/or property that facilitated his commission of Count One:

- 4.430550289998 Monero seized from Kyle Lindemann on May 23, 2018 in Birmingham, Michigan;

- 39.17488 MilliBitcoin seized from Kyle Lindemann on May 23, 2018 in Birmingham, Michigan.

("Subject Property").

4. In the Rule 11, Defendant agreed, upon its entry, to stipulate or consent to the prompt entry of one or more orders of forfeiture for all property that he has agreed to forfeit to the United States, including the above-identified cryptocurrency.

5. In his Rule 11, Defendant acknowledged his understanding that forfeiture is part of the sentence that may be imposed on him in this case and waived his right to challenge any failure by the court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), or otherwise, at the time his guilty plea was accepted. Defendant further waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, pronouncement of forfeiture at sentencing, and incorporation of forfeiture in the judgment and waived any right he may have under Rule 32.2 of the Federal Rules of Criminal Procedure for a further determination regarding forfeitability.

6. In his Rule 11, Defendant knowingly, voluntarily, and intelligently waived all constitutional and statutory challenges to the described forfeiture (including direct appeal, habeas corpus, or any other means), on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

7. In his Rule 11 Defendant further agreed to administrative forfeiture and/or abandonment regarding any property seized from his residence in connection with this investigation. Specifically, Defendant

waived any right he may have regarding notice under the Civil Asset Forfeiture Reform Act, agreed that he will not file any claim or petition or otherwise contest forfeiture and/or abandonment of any assets seized from him in connection with this matter. Defendant acknowledges that he signed a consent to administrative forfeiture and/or abandonment of certain specifically identified property and understands that the United States may destroy the property identified at the conclusion of the case.

8. In entering into this Stipulation with respect to forfeiture, Defendant specifically acknowledges that the Subject Property constitutes proceeds of his violation of 21 U.S.C. § 841(a)(1), and is therefore subject to forfeiture to the United States under 21 U.S.C. § 853.

Based on the Information, Defendant's conviction, the Rule 11 Plea Agreement, this Stipulation, and other information in the record, and under 21 U.S.C. § 853, the Subject Property **IS FORFEITED** to the United States for disposition according to law, and any right, title or interest of Defendant, and any right, title or interest that his heirs, successors or assigns have, or may have, in any of the Subject Property is **FOREVER EXTINGUISHED**.

**THIS COURT FURTHER ORDERS** that upon entry of this Stipulated Preliminary Order of Forfeiture, and pursuant to 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on [www.forfeiture.gov](www.forfeiture.gov) for at least thirty (30) consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than Defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in any identified Subject Property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature

and extent of the petitioner's alleged right, title or interest in any identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

**THIS COURT FURTHER ORDERS** that after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

**THIS COURT FURTHER ORDERS** that pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final as to Defendant at entry and forfeiture of the Subject Property shall be made part of the Defendant's sentence in this case and included in the Judgment.

**THIS COURT FURTHER ORDERS** that if no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall

become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2). If a third party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended Order of Forfeiture that addresses the disposition of the third party petition as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

**THIS COURT FURTHER ORDERS** that after this Stipulated Preliminary Order of Forfeiture becomes the Final Order of Forfeiture and/or after the Court enters an Amended Order of Forfeiture that addresses the disposition of any third party petition(s), the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law.

[*This section intentionally left blank.*]

**THIS COURT FURTHER ORDERS** that it retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

MATTHEW SCHNEIDER
United States Attorney

S/Adriana Dydell
Adriana Dydell
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9125
adriana.dydell@usdoj.gov
[CA Bar No 239516]

Dated: March 29, 2019

Timothy A. Dinan
Attorney for Defendant
14950 E. Jefferson, Ste 170
Grosse Pointe Park, MI 48230
(313) 821-5904
t_dinan@yahoo.com
[P49499]

Dated: March 29, 2019

Kyle Lindemann
Defendant

Dated: March 29, 2019

*********************************************

**IT IS SO ORDERED.**

Dated: 3-29-2019

Honorable Terrence G. Berg
United States District Judge

8